1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER-VERLYN WOLFE,

11              Plaintiff,                    No. CIV S-05-2491 DFL EFB PS

12        vs.

13   STEPHEN G. PONGRANTZ, et al.,          ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
14              Defendants.
     _____/

15

16              On December 16, 2005, defendants Stephen G. Pongrantz and Dan Folk filed a

17   motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(1) and 12(e).  On

18   December 22, 2005, defendant Carter P. Holley filed a motion to dismiss pursuant to Fed. R.

19   Civ. P. 12(b)(1) and (6).  Plaintiff has not opposed either motion.

20   I.  MOTION TO DISMISS BY DEFENDANTS PONGRANTZ AND FOLK

21              While the motions were pending under submission, defendants Pongrantz and

22   Folk filed a letter with the court advising of a settlement with plaintiff that included a release by

23   plaintiff of all claims against defendants Pongrantz and Folk, including the above-captioned

24   case.  Despite this representation, no stipulation of dismissal or other dispositive documents have

25   been filed with the court.  Accordingly, plaintiff and defendants Pongrantz and Folk shall file

26   within 10 days of the date of this order a stipulation of dismissal or other dispositive documents.

                                              1

1  Based on the notice of settlement filed on June 30, 2006, the motion to dismiss filed by

2  Pongrantz and Folk is deemed withdrawn.

3  II.  MOTION TO DISMISS BY DEFENDANT JUDGE CARTER P. HOLLEY

4          Defendant Judge Carter P. Holley moves for dismissal based on this court's lack

5  of subject matter jurisdiction and his immunity to the plaintiff's claims.[1]  The court finds that

6  plaintiff has failed to invoke the court's subject matter jurisdiction.  Moreover, the court finds

7   that defendant Holley is immune under the doctrine of judicial immunity.  Accordingly, it is

8  hereby RECOMMENDED that the motion be granted and that the claims against defendant

9  Holley be dismissed.

10          A.  Lack of Subject Matter Jurisdiction

11          Federal district courts are courts of limited jurisdiction.  Article III, § 1 of the

12  United States Constitution provides that the judicial power of the United States is vested in the

13  Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and

14  establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by

15  U.S. Const. Art. III, § 2.  *Ankenbrandt v. Richards*, 504 U.S. 689, 697-99(1992).  Since federal

16  courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the

17  federal courts unless proven otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511

18  U.S. 375, 376-78 (1994).  Lack of subject matter jurisdiction may be raised at any time by either

19  party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F.3d 593, 594-

20  95 (9th Cir. 1996).

21          On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction,

22  plaintiff bears the burden of proof that jurisdiction exists.  *Sopcak v. Northern Mountain*

23

24          [1] The court notes that on January 6, 2006, plaintiff filed an "amended to correct mistakes and typos" [*sic*] complaint.  No substantive difference exists between the original complaint and the "amended [complaint]".  Generally, where a response was required to the original pleading, another response is required to the amended pleading.  *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000).  However, because the changes in the amended pleading make no substantive changes to any of the allegations, the motion to dismiss need not be re-filed.

25

26

1   *Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir.1995); *Thornhill Pub. Co. v. General Tel. &*

2   *Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979).  Plaintiff cannot meet this burden here.

3              In this case, plaintiff attempts to invoke the court's admiralty and maritime

4   jurisdiction, apparently by his designation of defendants as "U.S. Vessels" in the caption, and

5   through reference to 28 U.S.C. § 1333.  Mere reference to this statute does not automatically

6   confer jurisdiction on a case.  The court's admiralty jurisdiction is conferred only in cases having

7   some relation to maritime activity.  *See*, *Simon v. Intercontinental Transport (ICT) B.V.*, 882

8   F.2d 1435, 1440-41 (9th Cir. 1989) (discussing application of admiralty jurisdiction to contract

9   and tort matters).  Other than referring to 28 U.S.C. § 1333 and calling defendants "vessels,"

10   plaintiff makes no other allegations supporting his invocation of the court's admiralty

11   jurisdiction.  Even though "courts must construe pro se complaints liberally, courts should not

12   undertake to infer in one cause of action when a complaint clearly states a claim under a

13   different cause of action." *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir.1999) (citation

14   omitted).   The most generous possible reading of plaintiff's complaint fails to invoke

15   jurisdiction here.  Defendant Holley is a superior court judge, not a ship.  The court finds that

16   there is no basis for the assertion of the court's admiralty jurisdiction in this case.

17              Plaintiff also attempts to invoke this court's diversity jurisdiction through yet

18   another vague reference.  ("Amended [Complaint]" at 1:24).  Diversity jurisdiction exists "where

19   the amount in controversy exceeds $75,000. . . and is between citizens of different states."  28

20   U.S.C. § 1332.   Both plaintiff and defendant Holley are domiciled in California.  Accordingly,

21   no diversity between the parties exists and this court has no jurisdiction under 28 U.S.C. § 1332.

22              Plaintiff asserts no other basis for this court's jurisdiction, and as such has failed

23   to show that this court has jurisdiction over his claims.  Accordingly, the court finds that the

24   complaint must be dismissed for lack of subject matter jurisdiction.

25   ////

26   ////

B. <u>Judicial Immunity</u>

Apart from the failure to establish jurisdiction, it is apparent that the core of plaintiff's complaint against defendant Holley involves Holley's decision not to recuse himself "from Superior Court Case No. CV012952." ("Amended [Complaint]" at 3:3-6).  Plaintiff makes a vague reference to "blatant prejudice and abuse of judicial powers and . . . attempting to adjudicate where they are a party to the action." ("Amended [Complaint]" at 3:8-11).  Defendant Holley has absolute judicial immunity from claims arising from his judicial acts.

Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mireles v. Waco*, 502 U.S. 9, 9 (1991).  The immunity also applies in actions for declaratory, injunctive and other equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).  "This immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Moore*, 96 F.3d at 1244 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)) (citations omitted).  Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.* (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

Although it is not entirely clear what relief plaintiff seeks, it is clear that Defendant Holley is immune from any claims arising from the execution of his judicial duties.  The complaint refers only to actions taken by Defendant Holley in his capacity as a judge.  Thus, the court finds that under the doctrine of judicial immunity, defendant Holley is immune to the claims, if any, raised by plaintiff.

III. <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1.  Based on the notice of settlement filed by defendants Pomgrantz and Folk, the motion to dismiss filed by defendants Pomgrantz and Folk is deemed withdrawn; and

////

4

2.  Plaintiff and defendants Pongrantz and Folk shall file a stipulation of dismissal or other dispositive documents within ten days of the date of this order.

IT IS HEREBY RECOMMENDED that defendant Holley's motion to dismiss be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 8, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE